



## MEMORANDUM OPINION

No. 04-07-00210-CR

Chad Alan **AREHART**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 04-1495-CR
Honorable Dwight E. Peschel, Judge Presiding

Opinion by:   Steven C. Hilbig, Justice

Sitting:       Catherine Stone, Justice
                Karen Angelini, Justice
                Steven C. Hilbig, Justice

Delivered and Filed:   June 18, 2008

MOTION TO WITHDRAW GRANTED; AFFIRMED

Chad Allen Arehart pleaded guilty to a charge of aggravated sexual assault in exchange for

the State's recommendation that adjudication be deferred. Pursuant to the plea agreement, the trial

court deferred adjudication and placed Arehart on community supervision for a period of ten years.

The State later filed a motion to adjudicate guilt, alleging Arehart violated various conditions of his

community supervision. Arehart pleaded "true" to thirteen of the sixteen allegations. After hearing

evidence, the trial court adjudicated Arehart guilty and sentenced him to forty-five years in prison. Arehart appeals.

Arehart's court-appointed appellate attorney filed a motion to withdraw and a brief in which he raises no arguable points of error and concludes this appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978), and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). Arehart was provided a copy of the brief and motion to withdraw and was further informed of his right to review the record and file his own brief. Arehart has filed a pro se letter with the court raising several issues.

After reviewing the record, counsel's brief, and Arehart's letter, we find no reversible error and agree with counsel the appeal is wholly frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). We therefore grant the motion to withdraw filed by Arehart's counsel and affirm the trial court's judgment. *See id*.; *Nichols v. State*, 954 S.W.2d 83, 86 (Tex. App.–San Antonio 1997, no pet.); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.–San Antonio 1996, no pet.).

No substitute counsel will be appointed. Should Arehart wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or must file a *pro se* petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this court, after which it will be forwarded to the Texas Court of Criminal Appeals along with the rest of the filings in this case. *See id.* R. 68.3. Any petition for

discretionary review must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See id.* R. 68.4.

Steven C. Hilbig, Justice

Do not publish